## Geer v. Martsolf

*Bradshaw & Panner*, for plaintiff.

*Swaney & Whitmire*, for defendants.

SOHN, J., July 27, 1956.—Plaintiff asks leave to take depositions for the purpose of discovery, and he desires to question defendants and some of their employes.. Plaintiff states that:

"The above named persons will be examined regarding matters not privileged which are relevant to the subject matter involved in the action filed at the above number and term and will substantially aid in the preparation of the pleadings in said action and the preparation and trial of said case, to wit: an ascertainment of the tonnage of all coal passing over defendants' tipple at its premises in Darlington Township, from October 1, 1949, until September 5, 1955, in order to determine the money balance claimed to be due and owing plaintiff at the rate of ten cents per

ton under a contract subsisting between plaintiff and defendants."

Attached to the motion is a copy of a notice plaintiff proposes to give to the parties and persons named stating the scope of the depositions in the form heretofore set out. The court granted leave to take depositions by oral examination of the persons named.

Pursuant to Pa. R. C. P. 4012, defendants filed a motion for a protective order and the court ordered a stay of proceedings pending disposition of the rule.

Defendants filed 10 requests in support of their contention that a protective order should be entered. We shall discuss each of them.

Defendants' first request is that plaintiff be prohibited from taking depositions until he has filed a complaint averring a complete cause of action with the sole exception as to an averment of damages. Rule 4007 (a) permits examination "regarding any matter, not privileged, which . . . will substantially aid in *the preparation of the pleadings* or the preparation or trial of the case." The test applicable is to what extent the information sought will "substantially aid" petitioner *in the preparation of pleadings* or the preparation or trial of the case: Davis v. Blumberg, 3 D. & C. 2d 150. The rules provide no specific time during the pleadings of a case for the presentation of a petition for discovery. It is not required that plaintiff first shall file a complaint: McKeon v. Independence Broadcasting Company, 87 D. & C. 421, 423. We conclude that plaintiffs should not be required to file a complaint prior to the taking of depositions.

Defendants' second request is that if the first request is not granted, we should require plaintiff to file a sworn petition setting forth all the facts necessary to support his cause of action except damages. Our discussion as to the first request indicates that the second request should be denied.

The third request is that plaintiff be required to file a detailed statement as to the scope of the examination of each witness. Rule 4012(b) provides that: "At any time during the taking of a deposition, on motion of any party . . . the court may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition. . . ." This provision adequately protects defendants.

The fourth request is that plaintiff be prohibited from inquiring into matters not relating to the alleged contractural relationship. We assume plaintiff will limit the inquiry to pertinent matters; if he does not do so, rule 4012(b) protects defendants.

Defendants aver in the fifth request that plaintiff is a competitor in the same field of endeavor in which they engage, and they request that the court prohibit inquiry into matters which would assist plaintiff in being competitive with defendants. If the inquiry is pertinent to the issue between plantiff and defendants, it is proper; if it is not relevant and material, defendants are fully protected under the rules.

The sixth request is in reality the same as the fifth except that it is in more detail. What we have said as to the fifth request is pertinent to the sixth.

The seventh request avers that Charles Harold Martsolf is a resident of Texas. We shall not require him to appear.

Defendants' eighth request is that plaintiff be required to pay all reasonable expenses, counsel fees and witness fees. If this matter is to be determined, it can be adjudicated after the depositions are taken and the facts with relation thereto are before the court.

The ninth request is as follows:

"9. That the defendants may at the time of the taking of depositions limit those present to the particular

witness being examined, the parties to the action, counsel for the plaintiff and the defendants and an official court stenographer in addition to the Notary; and that the defendants shall have the right to take stenographic notes of the deposition."

This request is granted.

The tenth request is as follows:

"10. That as a condition precedent to the taking of the depositions, the plaintiff be required to file a statement under oath that, with the sole exception of the trial of this case, the plaintiff will not disclose to any other person, or in any way take advantage for his own benefit or the benefit of any other person, information secured by the taking of the depositions."

We find no authority in the rules for such an order. Plaintiff, however, would be violating the processes of the law to use any information so secured for such purpose.

Plaintiff also seeks inspection under rule 4009 with the right to copy and photograph certain itemized records, books and documents now in the custody and control of defendants. Defendants move for a protective order as to such inspection and list 15 requests in support of their contentions.

The first, second, fourth, fourteenth and fifteenth requests are the same as those relating to the taking of depositions. What we have said heretofore is applicable thereto.

Defendants' other requests in general relate to the manner of inspection. It is requested that plaintiff's inquiry be limited to matters pertinent to the alleged contractual relationship between the parties. This is a proper request.

As to the special royalty, tipple commission account, weighmaster's slips, sales records, general ledgers and tonnage ledgers, defendants make specific requests. One of the requests is that as to those records, defend-

ants be permitted to deliver photostatic copies, the cost thereof to be borne by plaintiff. This request is reasonable. However, plaintiff and his counsel shall have the right to inspect such records to determine what is pertinent. If defendants are of the opinion that collateral matters, not pertinent to the inquiry are involved, the court may rule thereon at the time of inspection. At the argument, counsel for plaintiff suggested such procedure. In his requests, counsel for defendants suggests that the court determine what inspection shall be had. This cannot be determined at this time. If inspection be allowed, it can readily be determined by the court at that time. Counsel, no doubt, can agree on procedure and the court can make available to plaintiff the exercise of his rights and at the same time protect defendants' rights.

Defendants object to inspection of canceled checks. This matter can be ruled on at the time inspection is made.

It is our opinion that the difficulties anticipated by defendants can be resolved by the court when inspection is had.

### Order As to Plaintiff's Motion for Depositions

And now, to wit, July 27, 1956, it is ordered, adjudged and decreed that our order of December 21, 1955, staying all proceedings be, and it is hereby revoked. Defendants' motion for a protective order is overruled except that those present at the taking of depositions are limited to the witnesses to be examined, the parties to the action, counsel for the parties, an official court stenographer and the official before whom the depositions are taken; defendants shall have the right to take stenographic notes of the depositions. This order is without prejudice to defendants' right under rule 4012(b) to have further adjudication of questions arising at the time of taking depositions.

*Order As to Plaintiff's Motion for Right of Inspection*

And now, to wit, July 27, 1956, it is ordered, adjudged and decreed that our order of December 21, 1955, staying all proceedings be, and it is hereby revoked. Defendants' motion for a protective order is overruled and inspection as requested by plaintiff is allowed subject, however, at the time of inspection, to ruling by the court as to the extent thereof and the manner in which it shall be had.